UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA THOMAS, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>MEAD JOHNSON & COMPANY, LLC, et al.,<br><br>       Defendants. | Case No. 22-cv-02460-HSG<br><br>**ORDER GRANTING MOTIONS TO STAY**<br><br>Re: Dkt. No. 14 |
| ALYSSA ROESLER, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>MEAD JOHNSON & COMPANY, LLC, et al.,<br><br>       Defendants. | Case No. 22-cv-02480-HSG<br><br>Re: Dkt. No. 16 |
| KAMI HARTWICK, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>MEAD JOHNSON & COMPANY, LLC, et al.,<br><br>       Defendants. | Case No. 22-cv-02598-HSG<br><br>Re: Dkt. No. 6 |

Pending before the Court are motions to stay in these three related cases. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motions to stay.

These related cases are three of several federal lawsuits filed against Abbott Laboratories relating to its preterm nutrition products. Many of these lawsuits have already been transferred to *In re: Abbott Laboratories, et al. Preterm Infant Nutrition Product Liability Litigation*, MDL No. 3026 (N.D. Ill.) (the "MDL"). Defendant Abbott Laboratories therefore asks the Court to stay these cases pending determination by the Judicial Panel on Multidistrict Litigation ("JPML") whether to centralize these cases in the MDL. A conditional transfer order has been filed for all three cases. *See* MDL No. 3026, Dkt. Nos. 129, 137. Defendant urges that a stay will preserve judicial resources, minimize the risk of inconsistent decisions on the same pretrial issues, and avoid burdening the parties with duplicative proceedings, all without risk of prejudice to the parties.

Plaintiffs, in turn, argue that the Court should instead grant their respective motions to remand because removal to federal court was improper. Defendant removed on the basis of diversity jurisdiction, arguing that the California hospital defendants in each of these cases are fraudulently joined. But Plaintiffs contend that there is no merit to this argument, and that Defendant's removal and motions to stay are just gamesmanship intended to "delay the inevitable return to California state court." *See Thomas*, Dkt. No. 18 at 2. In opposing the conditional transfer order in the MDL, Plaintiffs raised these same arguments. *See* MDL No. 3026, Dkt. No. 179, 188. Other plaintiffs appear to have raised the same arguments in objection to the conditional transfer orders in the MDL. *See, e.g.*, *id.*, Dkt. No. 258. The JPML has scheduled these matters for consideration at its July 28, 2022 hearing session. *See id.*, Dkt. No. 231.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power, a case may be stayed pending the resolution of independent judicial proceedings that bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997). When considering whether a stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the

1   simplifying or complicating of issues, proof, and questions of law which could be expected to
2   result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299
3   U.S. at 254–55); *see also Lyon v. DePuy Orthopaedics, Inc.*, No. 19-CV-05270-PJH, 2019 WL
4   4933586, at *2 (N.D. Cal. Oct. 7, 2019) (applying factors in context of stay pending JPML
5   transfer). Additionally, "[c]ourts in this district also recognize that, when faced with a motion to
6   remand, deference to the MDL court for resolution of that motion often provides the opportunity
7   for the uniformity, consistency, and predictability in litigation that underlies the MDL system."
8   *See Lyon*, 2019 WL 4933586, at *2 (quotation omitted).

9   The Court finds that a temporary stay of proceedings is warranted under these
10  circumstances. A stay would preserve judicial resources and enable the court handling the MDL
11  to resolve questions of jurisdiction in a uniform manner. To the extent Plaintiffs suggest that this
12  Court is better equipped to resolve the motions to remand based on California law, Dkt. No. 18 at
13  8–10, the Court is not persuaded. The MDL Court is undoubtedly capable of applying both
14  federal and California state law, particularly in light of the fact that there are already several cases
15  in the MDL that were transferred out of the Northern District of California, including *Thomas v.*
16  *Abbott Laboratories Inc.*, 22-cv-02971-JCS, *Andrade v. Abbott Laboratories, Inc.*, 22-cv-02780-
17  EJD, and *Smith v. Abbott Laboratories, Inc.*, 22-cv-02794-NC.

18  But more importantly, there does not appear to be any risk of harm or prejudice to any
19  party or third party. Given that the JPML intends to consider whether to transfer these cases on
20  July 28, the stay will be temporary and limited in duration. If these cases are not transferred to the
21  MDL, Plaintiffs may promptly re-notice their motions to remand before this Court. And if the
22  cases are transferred, Plaintiffs may raise their motions to remand with the MDL court. Because
23  the motions to remand are already fully briefed, the resources required for Plaintiffs to refile the
24  motions before the MDL court are minimal. Plaintiffs nevertheless suggest that it may take time
25  for the MDL court to decide the motions to remand. *See, e.g.*, *Thomas*, Dkt. No. 18 at 6–7 (noting
26  that some MDL courts have taken months to decide a motion to remand). But even assuming this
27  is true, Plaintiffs fail to explain how they will be prejudiced by this delay, other than broadly
28  suggesting that "justice delayed is justice denied." *See id.* at 7. This platitude is not enough on its

own to establish that they may be harmed from a stay in this case.

The Court therefore **GRANTS** the motions to stay. *See Thomas v. Mead Johnson & Company, LLC, 22-cv-02460-HSG*, Dkt. No. 14; *Tracy v. Mead Johnson & Company, LLC*, 22-cv-02480-HSG, Dkt. No. 16; *Hartwick v. Mead Johnson & Company, LLC*, 22-cv-02598-HSG, Dkt. No. 6. The Court **STAYS** all proceedings and deadlines in these three related cases for 60 days, or until the JPML renders a final order regarding the transfer of this action to the United States District Court for the Northern District of Illinois for inclusion and coordination with *In re: Abbott Laboratories, et al. Preterm Infant Nutrition Products Liability Litigation*, MDL No. 3026, whichever is earlier.

The Court **HOLDS IN ABEYANCE** Plaintiffs' motions to remand and Defendants' motions to dismiss, motions to strike, and motions to compel arbitration. *See Thomas v. Mead Johnson & Company, LLC, 22-cv-02460-HSG*, Dkt. Nos. 11, 24; *Tracy v. Mead Johnson & Company, LLC*, 22-cv-02480-HSG, Dkt. Nos. 14, 24; *Hartwick v. Mead Johnson & Company, LLC*, 22-cv-02598-HSG, Dkt. Nos. 10, 17, 18. Any upcoming hearing dates on these motions are thus **VACATED**. The parties' motions to advance the briefing schedule and hearings on the motions are **TERMINATED AS MOOT**. *See Thomas v. Mead Johnson & Company, LLC, 22-cv-02460-HSG*, Dkt. No. 28; *Hartwick v. Mead Johnson & Company, LLC*, 22-cv-02598-HSG, Dkt. No. 19.

**IT IS SO ORDERED.**

Dated:   6/27/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge